UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NIGUEL D. JONES,

                                    Plaintiff,

v.

PAT GLEBE, et al.,

                                    Defendants.

CASE NO. C13-5475 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R")
of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 19), and
Plaintiff Niguel Jones's ("Jones") objections to the R&R (Dkt. 20).

On October 3, 2013, Judge Strombom issued the R&R recommending that the
Court grant Defendants' motion to dismiss (Dkt. 14) and deny Jones's motion to amend
(Dkt. 18) as moot.  Dkt. 19.  On October 21, 2013, Jones filed objections arguing that his
claim falls squarely within established precedent.  Dkt. 20.  On October 31, 2013,
Defendants responded.  Dkt. 21.  On November 11, 2013, Jones replied.  Dkt. 22.

The main issue before the Court is whether Jones has alleged sufficient facts to
state a claim for injuries resulting from an "institutionalized practice" of improperly

1  confiscating inmates' property.  "[W]hen deprivations of property are effected through

2  random and unauthorized conduct of a state employee, pre-deprivation procedures are

3  simply 'impracticable' since the state cannot know when such deprivations will occur."

4  *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194 (1984) 468 U.S. at 533 (intentional

5  deprivations of property); *see also Parratt v. Taylor*, 451 U.S. 527, 537 (1981) (negligent

6  deprivations of property).  On the other hand, when the deprivation occurs pursuant to

7  "state law, regulation, or institutionalized practice, it is neither random nor unauthorized,

8  but wholly predictable, authorized, and within the power of the state to control," and the

9  justifications for post-deprivation remedies does not apply and the normal pre-deprivation

10  hearing is required to satisfy due process.  *Haygood v. Younger*, 769 F.2d 1350, 1357 (9th

11  Cir. 1985) ( en banc ), *cert. denied*, 478 U.S. 1020 (1986) (citing *Logan v. Zimmerman*

12  *Brush Co.*, 455 U.S. 422, 436 (1982)); *see also Zimmerman v. City of Oakland*, 255 F.3d

13  734, 737–38 (9th Cir. 2001).

14       In this case, Jones asserts a violation of constitutional due process based on an

15  institution-wide pattern or practice of improperly confiscating inmate property.  Jones

16  alleges that the destruction of his photographs violated administrative regulations and

17  department policies.  Defendants have stopped just short of conceding that the

18  photographs were erroneously confiscated and destroyed.  Dkt. 18-1, Exhs. 4 & 5

19  (Jones's grievances).  Regardless, for the purposes of the instant motion, the Court must

20  consider Jones's material allegations as admitted.  *Keniston v. Roberts*, 717 F.2d 1295,

21  1301 (9th Cir. 1983).  However, one act does not support the allegation of an

22  institutionalized practice.  With his motion to amend, Jones submitted the declaration of a

1  fellow inmate William Taylor.  Dkt. 18-1, Exh. 6.  Similar to Jones, Mr. Taylor alleges

2  that prison staff confiscated and threw in the trash "clearly legal property."  *Id.*, ¶ 5.[1]

3  Accepting both allegations as true, the Court finds that Jones has failed to state a claim of

4  an institutionalized practice.  These deprivations are random and possibly unauthorized

5  acts of employees, and Jones and Mr. Taylor have post deprivation remedies.  Moreover,

6  the alleged deprivations are in violation of administrative regulations and department

7  policies.  This allegation is supported by management's comment that they "will work

8  with staff so this [confiscation and destruction] does not happen again."  Dkt. 18-1, Exh.

9  4.

10         Therefore, the Court having considered the R&R, Jones's objections, and the

11  remaining record, does hereby find and order as follows:

12         (1)     The R&R is **ADOPTED**;

13         (2)     Defendants' motion to dismiss is **GRANTED**;

14         (3)     Jones's motion to amend is **DENIED**; and,

15         (4)     This case shall be closed.

16         Dated this 20th day of November, 2013.

17

18

19                                              BENJAMIN H. SETTLE
                                                United States District Judge
20

21  _____

22         [1] Judge Strombom characterized the property as "possible contraband," which is not
    accepting the material allegations as true.